IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ISABELLE M. SCHILLING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-00204-CV-W-JAM |
| INTERNAL REVENUE SERVICE, et al, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff's Notice of Dismissal concerning Defendant Internal Revenue Service ("IRS"), which also contains a request for remand (Doc. 3). This quiet title action was commenced in the Circuit Court of Henry County, Missouri, Case No. 24HE-CC00008, on January 31, 2024. The petition named the IRS and two private individuals as defendants. (Doc. 1) A Notice Upon Order For Service by Publication was filed on February 1, 2024, in the State court proceedings as to the two individual defendants. *See* Case No. 24HE-CC00008. Defendant IRS timely removed the action pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1444, and 1446 (Doc. 1) on March 21, 2024. The two individually named defendants did not appear in the State court action prior to removal, nor have they appeared since removal to this Court.

Nevertheless, because the parties have not consented to the exercise of plenary authority by a federal magistrate judge pursuant to 28 U.S.C. § 636(c), this Court must determine whether it has authority under 28 U.S.C. § 636(b) to rule the request for remand. Such determination depends on whether remand is considered dispositive. The Eighth Circuit does not appear to have addressed this issue. While there is a split of

1

authority with other Circuits, at least two district courts within the Eighth Circuit have decided remand motions, finding them non-dispositive. *See Harter v. Am. Fam. Mut. Ins. Co.*, No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *1 (E.D. Mo. Oct. 3, 2018); *Banbury v. Omnitrition Intern. Inc.*, 818 F. Supp. 276, 279 (D. Minn. 1993). This Court agrees with that position, as the remand does not decide the case but instead speaks to jurisdiction, is consistent with magistrate judges effectively assisting with case management, and the removing and only defendant here is being dismissed without prejudice and without objection. *Id*; *see also Wachovia Bank, Nat'l Ass'n. v. Deutsche Bank Trust Co., Ams.*, 397 F. Supp. 2d 698, 702 (W.D. N.C. 2005); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1273-75 (N.D. Ala. 2004); *Holt v. Tonawanda Coke Corp.*, 802 F. Supp. 866, 868 (W.D. N.Y. 1991); *North Jersey Sav. & Loan Ass'n. v. Fidelity & Deposit Co. of Maryland*, 125 F.R.D. 96, 98 (D. N.J. 1988).

Moreover, while Section 636(b) excludes from the authority of magistrate judges the ability to rule on motions to "involuntarily dismiss an action" without the parties' consent under 28 U.S.C. § 636(c), voluntary dismissal is not subject to this exception. *See Harter*, at *2. Here, the pending request to remand is made by Plaintiff in conjunction with voluntarily dismissing the removing Defendant, and therefore able to be ruled upon under the authority of a magistrate judge. *See id*.

Title 28 U.S.C. § 1444 expressly provides for the removal of quiet title or foreclosure actions brought against the United States in a state court and removal under Section 1444 does not depend on a showing that the state-court action originally could have been brought in a federal court. *See E.C. Robinson Lumber Co. v. Hughes*, 355 F.Supp. 1363, 1368 (E. D. Mo. 1972). Where the government is dismissed from an action

2

removed under Section 1444, such as here, remand of the claims against the remaining defendants is warranted unless a separate basis for subject-matter jurisdiction exists. *See id*. Upon review of the record, the Court concludes that no such separate basis exists. In light of the voluntary dismissal of Defendant IRS, the Court finds that it lacks subject-matter jurisdiction and that this action should be remanded under 28 U.S.C. § 1447(c).

Accordingly, upon the Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41 and signed by Plaintiff's counsel seeking dismissal without prejudice (Doc. 3), and before Defendant IRS, having filed an answer or motion for summary judgment, the Clerk of the Court is

**HEREBY ORDERED** to adjust the docket to reflect voluntary dismissal of this action against Defendant Internal Revenue Service, pursuant to Rule 41(a), and is

**HEREBY ORDERED** to remand this case to the Circuit Court of Henry County, Missouri.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE